

# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARK KEVIN MILESKI | § | |
| V. | § | CASE NO. 4:04cv403 |
| | | (Judge Schell/Judge Bush) |
| MICHAEL O. LEAVITT, SECRETARY, | § | |
| UNITED STATES DEPARTMENT OF | | |
| HEALTH AND HUMAN SERVICES, | § | |
| ET AL. | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Docket #9). Having considered Defendants' motion, Plaintiff's response, and Defendants' reply, the Court is of the opinion that Defendants' motion should be granted.

Plaintiff, a licensed pharmacist, pleaded guilty in the 213th District Court of Tarrant County, Texas to two counts of Possession with Intent to Deliver a Controlled Substance. The plea was accepted, and the court deferred adjudication of guilt and placed Plaintiff on ten years of supervised probation on November 15, 2001. Defendant subsequently notified Plaintiff by letter of his five-year exclusion from participation in Medicare, Medicaid, and all other federal health programs under section 1128(a)(4) of the Social Security Act, 42 U.S.C. § 1320a-7(a)(4).

Plaintiff appealed the decision with the Departmental Appeals Board of the Department of Health and Human Services ("DAB"), and the decision was ultimately affirmed. Subsequently, on November 18, 2004, Plaintiff filed his complaint in this Court. Plaintiff asserts that there is no dispute as to facts, but only claims that the exclusionary provision at issue is arbitrary and capricious. Plaintiff does not contest the procedures followed by the Department of Health and Human Services except to the extent that the Department applied a law which Plaintiff feels is

unfair. Defendants have moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Prior decisions of both the United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that motions to dismiss for failure to state a claim upon which relief can be granted should not be granted lightly. For a complaint to be dismissed for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 78 S.Ct. 99, 102 (1957); *Reeves v. City of Jackson, Mississippi*, 532 F.2d 491 (5th Cir. 1976).

Absent a claim which is obviously insufficient, a court should not grant a Rule 12(b)(6) motion to dismiss, thereby denying the plaintiff an opportunity to develop facts to support his complaint. Moreover, sufficient procedures are available to a defendant to seek summary disposition of a lawsuit after a plaintiff has been afforded some opportunity to develop facts to support his complaint. *Reeves*, 532 F.2d at 494.

Under section 1128(a)(4) of the Social Security Act, the Secretary of the Department of Health and Human Services ("Secretary") is mandatorily required to exclude one who is convicted of "a criminal offense consisting of a felony relating to the unlawful manufacture, distribution, prescription, or dispensing of a controlled substance" from participation in any Federal health care program. 42 U.S.C. § 1320a-7(a)(4). The definition of conviction, for purposes of the statute, includes:

> (3) when a plea of guilty or nolo contendere by the individual or entity has been accepted by a Federal, State, or local court; or
> (4) when the individual or entity has entered into participation in a first offender, deferred adjudication, or other arrangement or program where judgment of conviction has been withheld.

42 U.S.C. § 1320a-7(i). When exclusion is mandatory, the minimum period of exclusion if five

years, although a lengthier exclusion may be imposed if certain aggravating circumstances exist. 42 U.S.C. §1320a-7(c)(3)(B); 42 C.F.R. 1001.102(b).

Plaintiff admits in his response to Defendant's motion and in the administrative record that he was placed on deferred adjudication for a felony offense related to the unlawful manufacture, distribution, prescription, or dispensing of a controlled substance. As noted above, participation in deferred adjudication is equivalent to conviction under the statute whether or not a conviction ever appears on the plaintiff's record. Plaintiff argues that the statute itself is arbitrary and capricious, but fails to delineate a valid reason, other than his personal discontentment, as to why the Court should agree.

The statute has a very valid purpose, which is to protect Medicare, Medicaid, and all federal health care programs from fraud or abuse, and to protect the beneficiaries of those programs from incompetent practitioners and inadequate care. *See* S. REP. NO. 100-109, at 2 (1987), *reprinted in* 1987 U.S.C.C.A.N. 682. Furthermore, the legislative policy behind the broad definition of conviction, to apply the mandatory exclusion to individuals who have admitted some form of guilt, even if they have avoided a recorded conviction, is neither arbitrary nor capricious. *See* H.R. Rep. No. 99-727, *reprinted in* 1986 U.S.C.C.A.N. 3607, 3665. Rather, the definition ensures that exclusion will not hinge on variations in states' criminal justice policies. The Court thus finds that the statute requiring Plaintiff's exclusion is neither arbitrary nor capricious.

The Court further finds that the statute was not enforced arbitrarily and capriciously against Plaintiff. "Only the most egregious official conduct can be said to be arbitrary in the constitutional sense." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998). The statute is mandatory, leaving the Secretary with no discretion but to exclude those convicted of certain

3

felonies from federal health care programs for five years. Furthermore, Plaintiff has been excluded from benefits for the minimum period required by the statute. The Secretary thus exercised no discretion in the imposition or length of the exclusion. Plaintiff was given a hearing before an Administrative Law Judge ("ALJ") and was allowed to appeal the unfavorable decision to the DAB. The DAB vacated the ALJ's findings of fact and conclusions of law, finding that Plaintiff's request for a hearing was timely filed, but ultimately concluded that Plaintiff's deferred adjudication was a conviction and that the minimum mandatory five-year exclusion could not be reviewed. The decision of the DAB thus became the final decision of the Secretary. The Court finds that neither the procedures employed nor the conclusions reached were arbitrary and capricious. The Court further finds that the decision of the Secretary should be affirmed.

If Plaintiff wanted to avoid exclusion from federal health care benefits, he should have considered that prior to entering a plea and accepting deferred adjudication. The Court finds Plaintiff's challenge to the fairness of the laws of the United States to be without merit.

## **RECOMMENDATION**

Based upon the foregoing, the Court recommends that Defendant's Motion to Dismiss be GRANTED, that the Secretary's decision be AFFIRMED, and that the above titled and numbered cause of action be DISMISSED pursuant to Federal Rule of Civil Procedure 12(b)(6) for Plaintiff's failure to state a claim upon which relief can be granted.

Within ten (10) days after filing of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the

district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 12th day of May, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE